## WILLIAM S. ABERT *v.* W. J. BERRY.

**Attorneys at Law—Parties Conducting Their Own Causes—Weight of Evidence.**

A party litigant may appear by himself or by counsel. He may be required by the court to elect to either take charge of his defense, or permit it to be done by his counsel.

**Weight of Evidence.**

Where the evidence is conflicting and has been passed upon by the court and jury, the court of appeals, unless manifest injustice has been done, will not interfere.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

January 30, 1875.

OPINION BY JUDGE PRYOR:

A party litigant can appear by himself or counsel, and in the trial of the cause, should be required to undertake the management of the case himself, or entrust it to his attorney; and, therefore, the court below acted properly in giving the appellant his election to conduct the defense in his own behalf, or permit it to be done by his counsel. The preponderance of the testimony is not so great on the side of the appellant as to authorize a reversal upon that ground. The appellee swears that the appellant was one of the partners when the contract in regard to the fee was entered into, and although he may have been mistaken in this, from the statement of the appellant we must conclude that their partnership was not then in existence; still there is proof conducing to show a joint employment of Nelson & Abert, and that a division of the fee, as proposed by Berry, who had instituted the actions, should be construed to mean one-half to Nelson & Abert, and the remaining half to the appellee. The evidence is conflicting, and has been passed on by both the judge and jury below, and in such a case, unless manifest injustice has been done the unsuccessful parties, this court will not interfere.

The testimony regarded by appellants as incompetent, if excluded could not have changed the result.

The judgment is *affirmed*.

*W. S. Abert,* for appellant.
*T. M. Webster, John S. Ducker,* for appellee.